1   Renée Welze Livingston – SBN 124280
    LIVINGSTON LAW FIRM
2   A Professional Corporation
    1600 South Main Street, Suite 280
3   Walnut Creek, CA  94596
    Tel: (925) 952-9880
4   Fax: (925) 952-9881
5   Email: rlivingston@livingstonlawyers.com

6   Attorneys for Defendant
    TARGET CORPORATION
7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  CHERYL CHARLES,                      )  Case No.
                                         )
11                    Plaintiff,         )  **PETITION FOR REMOVAL OF ACTION**
                                         )  **PURSUANT TO 28 U.S.C. § 1441(b)**
12          v.                           )  **[DIVERSITY]**
                                         )
13  TARGET CORPORATION,                  )  **DEMAND FOR JURY TRIAL**
    and DOES 1 to 50, Inclusive,         )
14                                       )  [San Mateo County Superior Court Case
                      Defendants.        )  No 20-CIV-00723]
15                                       )
    _____)
16

17  TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

18          PLEASE TAKE NOTICE that defendant TARGET CORPORATION (hereinafter

19  "TARGET") hereby removes to this Court the state court action described below.

20                              **JURISDICTION**

21          1.      Defendant TARGET is informed and believes that plaintiff CHERYL CHARLES

22  is a citizen of the State of California and was at the time of the filing of the Complaint and this

23  Petition for Removal.

24          2.      Defendant TARGET is a Minnesota corporation whose principal place of business

25  is Minneapolis, Minnesota.

26          3.      TARGET is a publicly held corporation whose chairman and chief executive

27  officer is Brian C. Cornell.

28  _____
    *Charles v. Target Corporation,* Case No.
    PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]; DEMAND FOR
    JURY TRIAL
                                          -1-

1        4.     Defendant TARGET is not a citizen of the state in which this action is pending.

2        5.     The matter in controversy exceeds the sum of $75,000.00, exclusive of interest,

3    attorneys' fees and costs.

4        6.     This court has jurisdiction by virtue of 28 U.S.C. §1332 and 28 U.S.C. §1441(b).

5    **GROUNDS FOR REMOVAL**

6        7.     On January 31, 2020, plaintiff CHERYL CHARLES commenced a civil action in

7    San Mateo County Superior Court, Unlimited Jurisdiction, in the State of California, entitled

8    *Cheryl Charles v. Target Corporation,* Case No. 20-CIV-00273. True and correct copies of the

9    Summons and Complaint are attached hereto and marked as **Exhibit A.** Defendant TARGET

10   was served with the Summons and Complaint on October 12, 2020. In said action, plaintiff

11   seeks personal injury damages based on a theory of premises liability for an incident that

12   occurred on February 2, 2018, at TARGET's premises when plaintiff CHERYL CHARLES

13   tripped, slipped, stumbled, and/or fell on the floor of the Target retail sales location at 5001

14   Junipero Serra Boulevard, Colma, California, suffering a fracture of her right pelvis requiring

15   extensive medical care.

16       8.     Defendant TARGET filed an Answer to plaintiff's unverified Complaint on

17   November 6, 2020. A true and correct copy of the Answer is attached hereto and marked as

18   **Exhibit B.**

19       9.     Before the Complaint was filed, plaintiff supplied information about her injuries

20   and damages to TARGET and demanded in settlement the amount of defendant TARGET's

21   policy limit based on medical diagnoses of right pelvic fracture involving superior pubic ramus

22   and pubic symphysis, exacerbation of her pre-existing multiple sclerosis and major depression

23   requiring admission to the hospital at Seton Medical Center in Daly City, CA from February 3,

24   2018 to February 13, 2018. Plaintiff submitted to TARGET documentation of medical expenses

25   for treatment at Seton Medical Center in the amount of $126,152.00. In addition, plaintiff

26   received additional medical treatment after discharge from the hospital and seeks, according to

27   the Complaint, compensatory damages including wage loss, loss of earning capacity, general

28

*Charles v. Target Corporation,* Case No.
PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]; DEMAND FOR
JURY TRIAL
-2-

damage and other unspecified damages.

10.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332, and the Complaint is one which may be removed to this Court by defendant TARGET pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Based on the foregoing, defendant TARGET respectfully requests that this Court accept removal of this action.

Dated:  November 6, 2020                    LIVINGSTON LAW FIRM

By_____
            Renée Welze Livingston
            Attorneys for Defendant
            TARGET CORPORATION

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), defendant TARGET CORPORATION hereby demands a jury in the above entitled action.

Dated:  November 6, 2020                    LIVINGSTON LAW FIRM

By_____
            Renée Welze Livingston
            Attorneys for Defendant
            TARGET CORPORATION

_____
*Charles v. Target Corporation,* Case No.
PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]; DEMAND FOR JURY TRIAL

-3-

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**Electronically FILED**
by Superior Court of California, County of San Mateo
ON **1/31/2020**
By **/s/ Anthony Berini**
**Deputy Clerk**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Target Corporation; and DOES 1 to 50, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Cheryl Charles

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): Southern Branch - Hall of Justice - San Mateo Superior Court 400 County Center Redwood City, CA 94063 | CASE NUMBER: (Número del Caso): 20-CIV-00723 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Arin Khodaverdian | 234 E. Colorado Blvd., Suite 720 | Pasadena, CA 91101 | 626-460-8240

| DATE: (Fecha) 1/31/2020 | Neal I. Taniguchi | Clerk, by (Secretario) | /s/ Anthony Berini | , Deputy (Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Target Corporation

   Under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Arin Khodaverdian | SBN 271971<br>234 E. Colorado Blvd., Suite 720<br>Pasadena, CA 91101<br><br>TELEPHONE NO.: 626-460-8240     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Cheryl Charles | FOR COURT USE ONLY<br><br>Electronically<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON     1/31/2020<br>By:_____ **/s/ Anthony Berini**_____<br>**Deputy Clerk** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch - Hall of Justice

PLAINTIFF: Cheryl Charles

DEFENDANT: Target Corporation; and

☑ DOES 1 TO 50,     Inclusive.

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>☐ AMENDED (Number):<br>Type (check all that apply):<br>☐ MOTOR VEHICLE     ☑ OTHER (specify): Premises Liability<br>☐ Property Damage     ☐ Wrongful Death<br>☑ Personal Injury     ☐ Other Damages (specify): | |
|---|---|
| **Jurisdiction** (check all that apply):<br>☐ ACTION IS A LIMITED CIVIL CASE<br> Amount demanded  ☐ does not exceed $10,000<br>    ☐ exceeds $10,000, but does not exceed $25,000<br>☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>  ☐ from limited to unlimited<br>  ☐ from unlimited to limited | CASE NUMBER:<br><br>20-CIV-00723 |

1. Plaintiff (name or names): Cheryl Charles

 alleges causes of action against defendant (name or names):
 Target Corporation; and DOES 1 to 50, Inclusive.

2. This pleading, including attachments and exhibits, consists of the following number of pages: Five (5).

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
     (1) ☐ a corporation qualified to do business in California
     (2) ☐ an unincorporated entity (describe):
     (3) ☐ a public entity (describe):
     (4) ☐ a minor ☐ an adult
       (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) ☐ other (specify):
     (5) ☐ other (specify):
   b. ☐ except plaintiff (name):
     (1) ☐ a corporation qualified to do business in California
     (2) ☐ an unincorporated entity (describe):
     (3) ☐ a public entity (describe):
     (4) ☐ a minor ☐ an adult
       (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) ☐ other (specify):
     (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |
|---|---|---|

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Charles v. Target Corporation, et al. | 20-CIV-00723 |

4. ☐ Plaintiff *(name):*

  is doing business under the fictitious name *(specify):*


  and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☑ **except** defendant *(name):* Target Corporation
    (1) ☑ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*


  c. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*


  b. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*


  d. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*


  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. ☑ Doe defendants *(specify Doe numbers):* 1-25 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.

  b. ☑ Doe defendants *(specify Doe numbers):* 26-50 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*



8. This court is the proper court because

  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*



9. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Charles v. Target Corporation, et al. | 20-CIV-00723 |

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other (specify):

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage (specify):
      Other damages to be determined up through discovery and up through the time of trial.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):

Date: JANUARY 30, 2020

ARIN KHODAVERDIAN
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]    **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**    Page 3 of 3

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Charles v. Target Corporation, et al. | 20-CIV-00723 |

___FIRST___ **CAUSE OF ACTION—Premises Liability**   Page ___1___
   (number)

ATTACHMENT TO  [✓] Complaint   [ ] Cross – Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Cheryl Charles

   alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
   On *(date):* February 2, 2018            plaintiff was injured on the following premises in the following

   fashion *(description of premises and circumstances of injury):*

   Plaintiff Charles slipped and fall at Defendant's premises at 5001 Junipero Serra Blvd, Colma, CA.94014 as a result of negligently maintained premises with dangerous conditions, despite constructive and/or actual notice of the dangerous condition.

Prem.L-2.   [✓] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*

   Target Corporation, and

   [✓] Does 1 _____ to 10 _____ .

Prem.L-3.   [✓] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

   Target Corporation, and

   [✓] Does 11 _____ to 20 _____ .

   Plaintiff, a recreational user, was  [ ] an invited guest  [ ] a paying guest.

Prem.L-4.   [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

   T

      [ ] Does _____ to _____

   a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
   b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [✓] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

   Target Corporation, and

   [✓] Does 21 _____ to 30 _____ .

   b. [✓] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [✓] as follows *(names):*

   Does 31-50

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]       **CAUSE OF ACTION—Premises Liability**       Code of Civil Procedure, § 425.12
                                                              www.courtinfo.ca.gov

# EXHIBIT B

Case 3:20-cv-07853-AMR Document 1 Filed 11/06/20 Page 10 of 17

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON          11/5/2020
By_____ /s/ Mia Marlowe
Deputy Clerk

1  Renée Welze Livingston – SBN 124280
   LIVINGSTON LAW FIRM
2  A Professional Corporation
   1600 South Main Street, Suite 280
3  Walnut Creek, CA  94596
4  Tel: (925) 952-9880
   Fax: (925) 952-9881
5  Email: rlivingston@livingstonlawyers.com

6  Attorneys for Defendant
   TARGET CORPORATION

7

8                  SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF SAN MATEO - UNLIMITED CIVIL

10  CHERYL CHARLES,                      ) Case No. 20-CIV-00723
                                         )
11                  Plaintiff,           ) **ANSWER OF DEFENDANT TARGET**
                                         ) **CORPORATION**
12      v.                               )
                                         ) Complaint Filed:  01/31/2020
13  TARGET CORPORATION,                  ) Trial Date:  None
    and DOES 1 to 50, Inclusive,         )
14                                       )
                                         )
15  _____)

16      COMES NOW defendant TARGET CORPORATION and answers the Complaint of

17  plaintiff CHERYL CHARLES as follows:

18                        **GENERAL DENIAL**

19      Under the provisions of Code of Civil Procedure section 431.30, defendant denies

20  generally and specifically, conjunctively and disjunctively, each and every allegation contained

21  in the Complaint and further denies that plaintiff has sustained damages in any sum or sums

22  alleged, or any other sum or at all, as a result of any act or omission by or on behalf of this

23  answering defendant.

24                     **AFFIRMATIVE DEFENSES**

25      1.      **AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering

26  defendant alleges plaintiff fails to state a cause of action upon which relief can be granted against

27  this answering defendant.

28      2.      **AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,** this

---

*Charles v. Target Corporation,* Case No. 20-CIV-00723
ANSWER OF DEFENDANT TARGET CORPORATION
-1-

1 answering defendant alleges plaintiff was concurrently and comparatively negligent and/or

2 careless in and about the matters referred to in said Complaint on file herein, and that said

3 carelessness and negligence on plaintiff's own part proximately and directly contributed to and

4 caused the injuries, loss and damages complained of by plaintiff, if any there were.

5        3.     **AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE**, this answering

6 defendant alleges the injuries and damages complained of by plaintiff, if any, were either wholly

7 or in part proximately caused by the negligence or other wrongful acts or omissions of persons or

8 entities other than this answering defendant, and that said negligence and/or wrongful acts or

9 omissions either are imputed to plaintiff by reason of her relationship with said persons or

10 entities, or comparatively reduce the proportion of negligence and corresponding liability of this

11 answering defendant, if any, which liability is specifically denied.

12        4     **AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**, this

13 answering defendant alleges that each of the causes of action asserted in plaintiff's Complaint is

14 barred by the statute of limitations set forth in Code of Civil Procedure section 335.1.

15        5.     **AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE**, this answering

16 defendant alleges plaintiff failed to exercise reasonable care and diligence to avoid loss and to

17 minimize and mitigate her damages, if any there were, and this failure to mitigate damages alone

18 aggravated any injuries or damages to plaintiff, if any, and therefore precludes or reduces

19 recovery against this answering defendant.

20        6.     **AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering

21 defendant alleges that if liability is assessed against it, pursuant to Civil Code section 1431 *et*

22 *seq.*, defendant shall be liable only for the amount of non-economic damages allocated to it in

23 direct proportion to the percentage of fault assessed against it by the trier of fact and requests a

24 separate judgment be rendered against it for that amount; but defendant in setting forth this

25 affirmative defense makes no admission it is liable to plaintiff in any amount or in any

26 proportion; and defendant, in setting forth this affirmative defense, makes no admission plaintiff

27 has been damaged in any sum or sums at all.

28        7.     **AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this

---

*Charles v. Target Corporation,* Case No. 20-CIV-00723
ANSWER OF DEFENDANT TARGET CORPORATION
-2-

1  answering defendant alleges plaintiff had express knowledge of the risks and hazards set forth in

2  the Complaint, as well as the magnitude of the risks and hazards, and therefore knowingly and

3  willingly assumed those risks.

4          8.   **AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this

5  answering defendant alleges that no dangerous condition existed on the premises and defendant

6  had no knowledge or notice of any allegedly dangerous condition.

7          9.   **AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering

8  defendant alleges plaintiff had no notice of any allegedly dangerous condition of the premises

9  alleged in the Complaint, but that any such allegedly dangerous condition was open and obvious

10  to plaintiff.

11        10.   **AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering

12  defendant alleges it provided reasonable and adequate warning regarding the condition of the

13  premises.

14       WHEREFORE, this answering defendant prays that plaintiff take nothing by said

15  Complaint, this answering defendant have judgment for costs of suit incurred herein, and for

16  such other and further relief as the Court may deem just and proper.

17  Dated: November 5, 2020         LIVINGSTON LAW FIRM

18

19

20                     By_____

21                         Renée Welze Livingston
                        Attorneys for Defendant

22                         TARGET CORPORATION

23

24

25

26

27

28

---

*Charles v. Target Corporation,* Case No. 20-CIV-00723
ANSWER OF DEFENDANT TARGET CORPORATION

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action.  My business address is 1600 South Main Street, Suite 280, Walnut Creek, California 94596.  On the date set forth below, I served the following:

### ANSWER OF DEFENDANT TARGET CORPORATION

upon the following at the addresses stated below:

Arin Khodaverdian, Esq.
ALPINE LAW GROUP, A.P.C.
A Professional Law Corporation
17500 Red Hill Ave., Suite 100
Irvine, CA 92614
Tel: (800 891-5458
Fax: (800) 891-5458
Email: arin@alpinelawgroup.com

Siamak Vaziri, Esq.
Matthew M. Taylor, Esq.
Aaron Miller, Esq.
Andrew Alexandroff, Esq.
VAZIRI LAW GROUP, A.P.C.
5757 Wilshire Blvd., Suite 670
Los Angeles, CA 90036-3692
Tel: (310) 777-7540
Fax: (310) 777-0373
Email: mtteam@vazirilaw.com
          svaziri@vazirilaw.com

*Attorneys for Plaintiff Cheryl Charles*

Service was accomplished as follows:

__X__  **BY US MAIL, According to Normal Business Practices.**  At my place of business at the above address, I sealed the above document(s) in an envelope addressed to the above, and I placed that sealed envelope for collection and mailing following ordinary business practices, for deposit with the U.S. Postal Service.  I am readily familiar with the business practice at my place of business for the collection and processing of correspondence for mailing with the U.S. Postal Service.  Correspondence so collected and processed is deposited with the U.S. Postal Service the same day in the ordinary course of business, postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 5, 2020, at

*Charles v. Target Corporation;* Case No. 20-CIV-00723
Proof of Service

-1-

Walnut Creek, California.

_____
Suzi Bachan

---

*Charles v. Target Corporation;* Case No. 20-CIV-00723
Proof of Service

## PROOF OF SERVICE

I, the undersigned, hereby certify that I am over the age of eighteen years and not a party to the within action. My business address is 1600 South Main Street, Suite 280, Walnut Creek, California 94596. On the date set forth below, I served the following:

**PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]; DEMAND FOR JURY TRIAL**
and
**CIVIL COVER SHEET**

upon the following at the addresses stated below:

Arin Khodaverdian, Esq.
ALPINE LAW GROUP, A.P.C.
17500 Red Hill Ave., Suite 100
Irvine, CA 92614
Tel: (800 891-5458
Fax: (800) 891-5458
Email: arin@alpinelawgroup.com

Siamak Vaziri, Esq.
Matthew M. Taylor, Esq.
Aaron Miller, Esq.
Andrew Alexandroff, Esq.
VAZIRI LAW GROUP, A.P.C.
5757 Wilshire Blvd., Suite 670
Los Angeles, CA 90036-3692
Tel: (310) 777-7540
Fax: (310) 777-0373
Email: mtteam@vazirilaw.com
         svaziri@vazirilaw.com

*Attorneys for Plaintiff Cheryl Charles*

Service was accomplished as follows:

__X__ **BY US MAIL, According to Normal Business Practices.** At my place of business at the above address, I sealed the above document(s) in an envelope addressed to the above, and I placed that sealed envelope for collection and mailing following ordinary business practices, for deposit with the U.S. Postal Service. I am readily familiar with the business practice at my place of business for the collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited with the U.S. Postal Service the same day in the ordinary course of business, postage fully prepaid.

*Charles v. Target Corporation;* Case No. 20-CIV-00723
Proof of Service

-1-

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct, and that this declaration was executed on November 6, 2020, at

3    Walnut Creek, California.

4    _____
     Suzi Bachar